DA 06-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 196

JOAN K. McCORMICK, f/k/a JOAN K. BREVIG,

       Plaintiff, Appellant and Cross-Respondent,

   v.

CLARK A. BREVIG,

       Defendant, Respondent and Cross-Appellant,

    and

BREVIG LAND LIVE AND LUMBER, a Montana
General Partnership consisting of Joan K. Brevig
and Clark A. Brevig,

       Defendant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 95-086
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant and Cross-Respondent:

         Michael J. Lilly; Berg, Lilly & Tollefsen, P.C., Bozeman, Montana

      For Respondent and Cross-Appellant:

         David A. Veeder, Jolane D. Veeder; Veeder Law Firm, Billings, Montana

               Submitted on Briefs:  March 28, 2007
                      Decided:  August 14, 2007

Filed:

                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 This appeal marks the fourth appearance before this Court of the dispute between siblings Joan K. McCormick (Joan) and Clark A. Brevig (Clark) concerning their respective interests in the family partnership, Brevig Land, Live and Lumber (the Partnership). Due to our opinion in *McCormick v. Brevig*, 2007 MT 195, Sup. Ct. No. 05-697, handed down this day, along with subsequent proceedings in the District Court, this appeal is dismissed as moot.

¶2 For the factual and procedural background of this case, see *McCormick v. Brevig*, 1999 MT 86, 294 Mont. 144, 980 P.2d 603 (*McCormick I*), *McCormick v. Brevig*, 2004 MT 179, 322 Mont. 112, 96 P.3d 697 (*McCormick II*), and *McCormick v. Brevig*, 2007 MT 195, ___ Mont. ___, ___ P.3d ___ (*McCormick III*).

¶3 While *McCormick III* was pending, the District Court proceeded with the sale of the Partnership assets, in accordance with our ruling in *McCormick II*. The sale was held October 31, 2006. This fourth appeal concerns orders of the District Court that directed how the sale was to be conducted.

¶4 The District Court issued its original Order for Sale of the Partnership assets on September 20, 2005. This order, which has now been affirmed by our decision in *McCormick III*, provided that the "net sale proceeds" of the sale received by the sheriff be deposited with the clerk of the District Court pending any appeal. Joan and Clark, however, disputed the definition of "net sale proceeds." Clark sought a stay of execution on this order, both in the District Court and this Court. However, no stay was granted.

2

¶5    Joan presented the District Court's order to the Fergus County sheriff and demanded a sale of the Partnership assets. The sheriff refused. Joan then sought a writ of mandamus from this Court ordering the sheriff to conduct the sale. The writ was denied.

¶6    Following our denial of Joan's petition for a writ of mandamus, the District Court considered the sheriff's concerns. On June 20, 2006, the District Court issued its "Order Regarding the Court's Order for Sale of Partnership Assets and Payment of Special Master's Fee," which stated, "This Order is entered to clarify and amplify the Court's Order for Sale . . . entered on September 20, 2005." This second order allowed Joan and Clark to submit credit bids at the sale. That is, because each of them already owned part of the property being sold, the amount of their bids would be credited with their respective interests in the Partnership. Because the District Court had previously found Joan had not paid for her full 50% ownership in the Partnership, Clark's bid would be credited with 50% of its amount, *plus* $1,322,761. Conversely, Joan's bid would be credited with 50% of its amount, *minus* $1,322,761.

¶7    The District Court's clarifying order also allowed bidders to submit letters of credit as proof of ability to pay the amount bid.

¶8    Joan appeals and Clark cross-appeals the District Court's June 20, 2006, order.

¶9    Joan appeals that portion of the District Court's clarifying order allowing Clark to submit a credit bid. She argues the credit bid could result in insufficient cash to pay her what she is owed. However, the record reveals that the sale has been completed, and

3

Clark purchased the remaining Partnership assets for enough money to pay Joan what she is owed.

¶10 Clark appeals that portion of the District Court's clarifying order allowing letters of credit to be submitted by bidders. However, he purchased the remaining Partnership assets at the sale and, thus, now has no complaint about payment.

¶11 Because of the results of the sale which has taken place, the issues raised in this appeal have been decided between these parties. Where a court's judgment will not effectively operate to grant relief, the matter is moot. *Walker v. State*, 2003 MT 134, ¶ 40, 316 Mont. 103, ¶ 40, 68 P.3d 872, ¶ 40.

¶12 As a decision of this Court would not effectively operate to grant relief to Joan or Clark on the issues raised, this appeal is dismissed.

/S/ JOHN WARNER

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE